■ EDWIN R. BETTS, Appellant, v UNIVERSITY OF ROCHESTER, Respondent. (Appeal No. 1.)—Order unanimously reversed on the law with costs and motion denied. Memorandum: Special Term erred in granting defendant's motion to dismiss plaintiff's complaint on the ground of lack of subject matter jurisdiction (CPLR 3211 [a] [2]).

The sole issue on appeal is whether the complaint states causes of action which are preempted under the National Labor Relations Act (29 USC § 151 *et seq.)* and thus may not be asserted in a State court *(see, Motor Coach Employees v Lockridge,* 403 US 274; *San Diego Unions v Garmon,* 359 US 236). No issue is presented as to the sufficiency or propriety of the complaint in any other respect.

Read together, plaintiff's first and second causes of action allege that plaintiff was wrongfully terminated from his employment in violation of a contract arising from defendant's written employment policies *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). The cause of action is not preempted merely because it also alleges that defendant was motivated by anti-union animus to breach the contract. While we recognize that conduct so motivated could constitute an unfair labor practice under the National Labor Relations Act, defendant's motivation is irrelevant to plaintiff's cause of action for breach of the employment contract. The State action can be decided without consideration of the unfair labor practice and, indeed, plaintiff should be precluded from offering evidence in that regard *(see, Farmer v Carpenters,* 430 US 290).

Plaintiff's third cause of action sounds in defamation and/or intentional infliction of emotional distress. A cause of action

for defamation is not preempted because defamation is not an unfair labor practice and it is only of peripheral concern to the Federal labor law *(Linn v Plant Guard Workers,* 383 US 53; *Wolf St. Supermarkets v McPartland,* 108 AD2d 25, *appeal dismissed* 65 NY2d 785). Nor is a cause of action for intentional infliction of emotional distress preempted. Plaintiff does not allege an unfair labor practice to satisfy the element of outrageous conduct, nor is Federal labor law concerned with whether defendant's conduct was outrageous *(Farmer v Carpenters, supra; cf. Viestenz v Fleming Cos.,* 681 F2d 699, *cert denied* 459 US 972; *Wilmot v Frank,* 19 AD2d 542). (Appeal from order of Supreme Court, Monroe County, Kennedy, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.