■ Ainsworth Morris, Respondent-Appellant, v United Parcel Service et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff, a part-time employee of defendant United Parcel Service and a union member, was accused of stealing a package of watches and was discharged for dishonesty. After the alleged theft plaintiff was arrested, but was acquitted of petit larceny after trial. He then filed a grievance pursuant to the collective bargaining agreement between his employer and his union. The arbitrator found that plaintiff's discharge was not for just cause and ordered him reinstated with back pay and benefits.

Plaintiff then commenced this action for "false imprison-

ment/unlawful arrest". Defendants answered and asserted a number of affirmative defenses. Defendants thereafter sought summary judgment on the ground that plaintiff's State tort cause of action is preempted by the Labor Management Relations Act and the National Labor Relations Act; that claim was also asserted in defendants' first affirmative defense. Defendants in the alternative sought leave to serve a second amended answer adding additional affirmative defenses. Special Term denied defendants' motion for summary judgment and granted leave to serve the second amended answer.

Special Term properly denied defendants' motion for summary judgment but erred in denying plaintiff's cross motion to dismiss the first affirmative defense. Plaintiff's tort action in State court would be preempted by the Labor Management Relations Act if "evaluation of the tort claim [were] inextricably intertwined with consideration of the terms of the labor contract" (Allis-Chalmers Corp. v Lueck, 471 US 202, 213). Defendants argue that whether they were justified in detaining an employee must be decided by interpreting the collective bargaining agreement. However, while the agreement provides that an employee may be dismissed for dishonesty without prior notice, it is silent as to any right of the employer to detain an employee suspected of stealing. Because the agreement does not even address this issue, resolution of the false imprisonment claim does not involve interpretation of the collective bargaining agreement and the claim is not preempted in State court. Nor is plaintiff's action preempted by the National Labor Relations Act (29 USC § 158 [a]), which prohibits discharge in retaliation for antiunion animus. Defendants contend that because plaintiff alleged that his discharge was in retaliation for filing grievances against his employer, his claim would be within the jurisdiction of the National Labor Relations Board, because "the conduct that the State seeks to regulate or to make the basis of liability is actually or arguably protected or prohibited by the NLRA" (Operating Engrs. v Jones, 460 US 669, 676, citing San Diego Unions v Garmon, 359 US 236, 245). Defendants' argument is without merit since motive, while at issue in an NLRA claim, is not an element of false imprisonment (Broughton v State of New York, 37 NY2d 451, 458-459, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; see, e.g., Betts v University of Rochester, 123 AD2d 496).

Special Term also erred in refusing to dismiss defendants' fifth affirmative defense, which asserted that Workers' Compensation Law § 11 is plaintiff's exclusive remedy. Intentional

torts do not come within the exclusive remedy provision of Workers' Compensation Law *(Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 417). (Appeals from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.