## Collins v. Lefkowitz
*[Cite as 2 AOA 375]*

*Case No. 56696*
*Cuyahoga County, (8th)*
*Decided March 22, 1990*

*Donald Butler, Esq. 33 Public Square, Suite 407 Cleveland, OH 44113, For plaintiff-appellant.*

*Robert D. Archibald, Esq. Illuminating Bldg., 10th Fl. Cleveland, OH 44113, For defendant-appellees.*

PRYATEL, J.

This is an appeal from a granting of summary judgment in favor of defendants, Attorney Paul Lefkowitz ("Lefkowitz") and Climaco, Climaco, Seminatore, Lefkowitz and Gorofoli Co., L.P.A. ("Climaco") (collectively referred to as "defendants"). Plaintiff-appellant Fred Collins, ("appellant"), sued Lefkowitz and Climaco for legal malpractice for failing to timely perfect a notice of appeal from a decision of the Ohio State Personnel Board of Review ("the Board") to the Court of Common Pleas. The trial judge, without opinion, granted appellees' joint motion for summary judgment, said motion being based upon three grounds: (1) appellant's legal malpractice claim is preempted and abolished by federal labor law; (2)

appellant's claim is barred by the applicable statute of limitations, and (3) appellant is unable to meet his burden or proof regarding the standard of care in the legal community.

Appellant has timely filed his notice if appeal to this court, assigning one error for review.

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACTS EXIST.

The facts giving rise to this appeal are as follows: Appellant was member of the labor union, Northern Ohio Patrolmen's Benevolent Association, ("the Union", during the time of his employment at the Northeast Ohio Development Center Appellant alleged that he was wrongfully discharged and was referred to Lefkowitz by his Union to handle the wrongful discharge claim against his former employer, a benefit apparently made available through the collective bargaining process.

An adverse ruling against appellant was rendered by the Board. Lefkowitz did not timely file a notice of appeal and the court of common pleas dismissed the appeal for lack of jurisdiction. Subsequent appeals to this court and the Ohio Supreme Court were unsuccessful. Consequently, a legal malpractice claim arose from the handling of the underlying claim for wrongful discharge, which is the subject of this appeal.

In appellant's assigned error, he contends that the trial court erred in granting defendant's joint motion for summary judgment. Specifically, he contends that a genuine issue of material fact exists regarding Lefkowitz' role as a union attorney and whether or not he was acting within the ambit of the collective bargaining process. Defendants argue that, as a matter of law, appellant's legal malpractice claim in a state court is preempted and abolished by federal labor law.

This court, in deciding the instant case, must employ a two-step analysis. The first step is ti decide whether the legal malpractice claim is barred as a matter of law. If the claim is not barred as a matter of law, it must next be decided if a genuine issue of material fact exists.

The United States Supreme Court in *Atkinson* v. *Sinclair Refining Co.* (1962), 370 U.S. 238, held that union officers and employees are immune from personal liability for acts undertaken as union representatives, on behalf of the union. This has become known as the

Atkinson Rule. The Atkinson Rule has been explored and developed in the Ninth Circuit.

The Ninth Circuit has applied the Atkinson Rule to bar legal malpractice claims brought by union members against union attorneys for acts performed in the collective bargaining process. *Peterson* v. *Kennedy* (9th Cir. 1985), 771 F. 2d 1244, *certiorari denied* (1986), 475 U.S. 1122.

The court in *Peterson* held that the Atkinson Rule applies to a union's in-house counsel, as well as to retained outside counsel:

"When the union uses its regular outside counsel, the services are sometimes covered under an overall retainer agreement and there is no additional fee or charge to the union for the law firm's handling of the matter. In any event, whether it be house counsel, where the union is providing the services, the attorney is hired and paid by the union to act for it in the collective bargaining process." *Peterson, supra,* at 1258.

The *Peterson* court reasoned that it is the union who is providing the services, not the attorney. Therefore, the union, not the attorney, is ultimately responsible to the union member. *Id.* The Ninth Circuit went on to state that:

"We do not believe an attorney who was handling a labor grievance on behalf of a union as part of the collective bargaining process has entered into an "attorney-client" relationship in the ordinary sense with the particular union member who is asserting the underlying grievance." *Id.*

We adopt the Atkinson Rule and hold that appellant's state action for legal malpractice against Lefkowitz, the union attorney, is preempted by federal labor law. The trial court did not err in granting defendants' joint motion for summary judgment.

Because appellant's claim is barred as a matter of law, we need not reach the second step in the analysis; whether a genuine issue of material fact exists.

*Judgement affirmed.*

NAHRA, P.J.
ANN McMANAMON, J., Concur

*SITTING BY ASSIGNMENT: AUGUST PRYATEL, Retire Judge of Court of Appeals of Ohio, Eighth Appellate District).