**John A. BREDA, Plaintiff–Appellant,**

v.

**Alan M. SCOTT; Galton, Popick & Scott, Defendants–Appellees.**

No. 91–36300.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 1993.*

Decided Aug. 3, 1993.

John A. Breda, pro per.

Thomas W. Brown, Cosgrave, Vergeer & Kester, Portland, OR, for defendants-appellees.

Before: FARRIS and THOMPSON, Circuit Judges, and HARDY,** District Judge.

FARRIS, Circuit Judge:

John A. Breda brought suit against Alan M. Scott and Scott's former law firm, Galton, Popick & Scott, for legal malpractice. The district court granted summary judgment for Scott, holding that the attorneys were immune from liability under 29 U.S.C. § 185(b), Section 301(b) of the Labor Management Relations Act. Breda appeals.

We affirm.

We review a grant of summary judgment de novo. *Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989). Breda claims that Scott mishandled his union grievance over his discharge from the Oregon Symphony Association. Scott represented the Union at the arbitration of the grievance as he had in some 150 arbitrations over the previous eighteen years. The arbitrator upheld Breda's discharge. Breda brought an unsuccessful action against the Symphony and the Union. He then filed this action for legal malpractice against Scott and his law firm.

Section 301(b) provides that "[a]ny money judgment against a labor organization . . . shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b). "When Congress passed § 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be sub-

---

* Pursuant to Ninth Circuit Rule 34–4, the panel unanimously finds this case suitable for disposition without oral argument.

** Honorable Charles L. Hardy, Senior United States District Court Judge for the District of Arizona, sitting by designation.

ject to levy." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247, 82 S.Ct. 1318, 1324, 8 L.Ed.2d 462 (1962). Section 301(b) immunity extends to union agents. *Id.* at 247–48, 82 S.Ct. at 1324–25. We explained in *Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985), that "attorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process."

The grievance hearing was part of the collective bargaining process. Breda argues that Scott is liable. He contends that *Peterson* only applies to in-house union counsel and that public policy requires that outside counsel be held liable for negligent services. We reject the argument. "[W]hether it be house counsel or outside union counsel, where the union is providing the services, the attorney is hired and paid by the union to act for it in the collective bargaining process." *Id.* at 1258.

The policy reasons for extending section 301(b) immunity to retained counsel are straightforward. *Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir.1989). "[P]ermitting malpractice suits whenever a union's legal strategies fail" would slow the processing and determination of labor disputes. *Id.* at 6. State statutes of limitations for legal malpractice are generally far longer than the six-month deadline for bringing unfair labor practice charges. *Peterson*, 771 F.2d at 1259 & n. 10.

Furthermore, while "[n]egligence is the essence of a malpractice action," the standard for proving that the union breached its duty of fair representation is much higher. *Id.* at 1259. The union's conduct must be arbitrary, discriminatory, or in bad faith. *Id.* Permitting suits against retained attorneys would make it easier for an employee to recover from a union's agent than from the union itself. The attorney might be held liable for essentially political and strategic decisions of the union. As a result, the cost of legal services to the union would rise. *Id.* at 1260.

Breda relies upon public policy for his argument that lawyers are accountable for negligently rendered legal services. In *Building Materials & Dump Truck Drivers, Local No. 420 v. Traweek*, 867 F.2d 500, 508 (9th Cir.1989), we held that the Union could not sue one of its members under section 301. Breda argues that if the LMRA precludes him from suing Scott for malpractice, it likewise precludes the Union from suing Scott. He concludes that if outside counsel is immune from suit by both the Union and the employee, union counsel can commit malpractice with impunity.

We make no distinction between in-house and outside union counsel. *Peterson* holds that employees cannot sue inside union counsel for malpractice for services rendered as part of the collective bargaining process. *Peterson*, 771 F.2d at 1259. In-house counsel immunity creates the same public policy concern as outside counsel immunity. We find no reason to treat the two differently.[1]

*Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447 (9th Cir.1985) is not to the contrary. In *Aragon*, we held that federal law did not preempt a malpractice claim against a law firm for its mishandling of a labor grievance. *Id.* at 1457. As we did not have jurisdiction over the state law malpractice claim, we did not reach the issue of whether the LMRA afforded union counsel immunity from suit for services rendered as part of the collective bargaining process. Diversity jurisdiction permits us to reach the question here. We hold that counsel is immune.

All of Scott's services were performed for the union as part of the collective bargaining process. Scott and his firm are immune from liability.

Affirmed.

---

1. Of course, Breda's reading of *Traweek* may be incorrect. The union may be able to bring a malpractice action against an attorney who acts as its agent. *See Peterson*, 771 F.2d at 1259. That question is not presented.