SELLERS, Appellant,

v.

DOE;  Foley et al., Appellees.

[Cite as *Sellers v. Doe* (1994), 99 Ohio App.3d 249.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE06–947.

Decided Dec. 13, 1994.

*A.M. Fishman Co., L.P.A., Andrew M. Fishman* and *Kifi Z. Haque,* for appellant.

*John C. Nemeth & Associates, John C. Nemeth* and *David A. Caborn,* for appellees Mark A. Foley and William J. Steele.

---

CLOSE, Judge.

Plaintiff-appellant, David H. Sellers, brings this appeal from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, private attorneys, on the ground that they were immune from liability for malpractice under the Taft–Hartley Act.

The relevant facts are as follows. Appellant was employed as a school teacher by the Logan–Hocking City School District Board of Education ("board"). In June 1987, appellant's fitness as a teacher was called into question due to allegations of wrongful conduct concerning his personal relationship with a female student. As an investigation commenced, the Ohio Education Association arranged for appellees, private practicing attorneys, to represent appellant regarding the allegations.

As a result of the investigation, the board passed a resolution suspending appellant from further employment, pending resolution of the charges against him. Appellant's suspension was without pay. In response, appellant availed himself of the dispute resolution process and demanded a hearing, pursuant to R.C. 3319.16. The matter was then set for hearing before a referee. Upon consideration, the referee determined that appellant had acted unprofessionally, with respect to the minor student, during the school years 1979 through 1983 and the intervening summers. Thereupon, the board passed a resolution terminating appellant's employment as a school teacher for gross immorality and/or just cause for dismissal.

Appellees, as attorneys for appellant, perfected an appeal to the Court of Common Pleas of Hocking County, which upheld the action of the board. A timely appeal was then filed with the Hocking County Court of Appeals, which likewise affirmed. *Sellers v. Logan–Hocking City School Dist. Bd. of Edn.* (Feb. 24, 1992), Hocking App. No. 91 CA 12, unreported, 1992 WL 37785. A petition to certify the record to the Ohio Supreme Court was denied. Upon that denial, appellant filed the underlying action for legal malpractice against appellees, setting forth a number of bases for an actionable claim. For purposes of this appeal, the specifics of those malpractice allegations are not germane to our review.

In response to appellant's suit, appellees filed a motion for summary judgment, arguing that they were immune from malpractice liability under the Taft–Hartley Act. In considering appellees' motion, the following facts were undisputed: (1) appellees were outside attorneys employed by the Ohio Education Association as

part of the collective bargaining process to provide legal representation regarding the dispute between appellant and the Logan–Hocking City School District Board of Education; (2) such counsel was provided to appellant by the union; (3) the cost of appellees' legal services was entirely paid for out of a designated legal fund maintained by the union; and (4) appellant never personally engaged the services of appellees.

Based on the foregoing, the trial court granted appellees' request for summary judgment on the basis that:

" * * * Simply stated the *Atkinson* Rule states that union officers and employees are immune from personal liability for acts undertaken as union representatives, on behalf of the Union. This immunity extends to attorneys working as agents for the Union where the attorneys are being paid by the Union to act for it in the collective bargaining process. * * * "

It is from that decision that appellant now appeals, raising the following assignments of error:

"ASSIGNMENT OF ERROR NO. 1

"The trial court erred in failing to recognize the limitations inherent in the *Atkinson* rule.

"ASSIGNMENT OF ERROR NO. 2

"The trial court erred in holding that an attorney is immune from a malpractice suit maintained by a union member simply because such attorney is a member of, or employed by, such union.

"ASSIGNMENT OF ERROR NO. 3

"The trial court erred in holding that, if *arguendo*, an attorney who is a member of, or employed by, a union, is immune from a malpractice suit maintained by a member of said union, such immunity extends to outside counsel.

"ASSIGNMENT OF ERROR NO. 4

"The trial court erred in holding that defendants' representation of the plaintiff-appellant was a part of the collective bargaining process simply because the union paid the defendants' attorney fees.

"ASSIGNMENT OF ERROR NO. 5

"The trial court erred in determining that the immunity from suit provided to union members by § 301 of the National Labor Relations Act does not depend upon a violation of the collective bargaining agreement.

"ASSIGNMENT OF ERROR NO. 6

"The trial court erred in holding that state malpractice claims are pre-empted by federal labor law.

"ASSIGNMENT OF ERROR NO. 7

"The trial court failed to recognize that the Supreme Court of Ohio governs the discipline and regulation of attorneys as part of the police powers delegated to the states Pursuant to the Tenth Amendment of the [United States] Constitution.

"ASSIGNMENT OF ERROR NO. 8

"The trial court erred in focusing on the facts of the case rather than the issues of law presented for review.

"ASSIGNMENT OF ERROR NO. 9

"The trial court committed other error."

As all assignments of error essentially relate to the issue of immunity, they will be considered and addressed together.

In *Atkinson v. Sinclair Refining Co.* (1962), 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462, the United States Supreme Court held that Section 301 of the 1947 Labor Management Relations Act (Section 185, Title 29, U.S.Code) conferred immunity to those persons acting as agents for a union. Specifically, the Supreme Court stated, "the * * * clause exempts agents and members from personal liability for judgments against the union." *Id.* at 248, 82 S.Ct. at 1324, 8 L.Ed.2d at 470. Under *Atkinson* and its progeny, immunity from liability is not limited to the union itself. Accordingly, it is clear that the activities of appellees, as agents for the Ohio Education Association, fall squarely within the protective rule set forth in *Atkinson.*

The issue of immunity is less complicated when presented with a situation involving in-house counsel continuously employed by a union to perform legal services. However, in *Peterson v. Kennedy* (C.A.9, 1985), 771 F.2d 1244, the court addressed the exact issue presently before us: whether immunity extends to outside counsel. In finding that outside counsel comes under the umbrella of protection, the court stated that, "whether it be house counsel or outside union counsel, where the union is providing the services, the attorney is hired and paid by the union to act for it." *Id.* at 1258. This extension of immunity is consistent with the idea that, by furnishing employees with legal counsel, it is the union that is providing a service to its member—not the individual agent or attorney. For that reason, the union is ultimately responsible to the member for any negligence in the performance of the service. This was specifically recognized in *Peterson,* wherein the court explained:

" * * * The union member looks to his union to save his job, gives it credit when a dispute is resolved in his favor, and holds it responsible when his

discharge is upheld or he loses other important rights. He views the union attorney as an arm of his union rather than as an individual he has chosen as his lawyer. * * * " *Id.,* 771 F.2d at 1258.

Union members are not without redress against attorneys who blatantly abandon their responsibilities as counsel. The *Peterson* court specifically stated: "Our decision does not mean that union members are necessarily without a remedy when attorneys employed by the union fail to process grievances adequately. If an attorney's conduct falls within the 'arbitrary, discriminatory or bad faith' test we have described in section III.A., *supra,* the union member may sue the union for breach of the duty of fair representation." *Id.* at 1259; see, also, *Breda v. Scott* (C.A.9, 1993), 1 F.3d 908. With all of this in mind, we now turn to consideration of *Collins v. Lefkowitz* (1990), 66 Ohio App.3d 378, 584 N.E.2d 64. The facts underlying *Collins* present a situation in which it is alleged that a union member's retained attorneys committed legal malpractice. Specifically, the union member alleged that the attorneys in that case malpracticed by failing to timely perfect a notice of appeal to the court of common pleas from the decision of the State Personnel Board of Review. On appeal, the *Collins* court applied a two-step analysis. The first step requires a determination of whether the union member's claim against the attorneys was barred as a matter of law. If the claim is not barred as a matter of law, it must further be determined whether there exists a genuine issue of material fact to overcome summary judgment.

The *Collins* court, applying *Atkinson* and *Peterson,* reached the conclusion that malpractice actions by union' members against outside attorneys provided as a benefit of the collective bargaining process are barred as a matter of law. We likewise hold that the attorneys in the instant case are immune from prosecution in state court for the allegations of malpractice brought by appellant. Despite our holding, it remains that the Supreme Court of Ohio has the right and responsibility to regulate licensed attorneys and the practice of law. With this in mind, it is likewise clear that appellant may seek a remedy through either the disciplinary process or a suit against the union. In any event, appellant is not left without a remedy.

The facts of the case at bar compel the legal conclusion that appellees were entitled to the protection of Section 301 of the Labor Management Relations Act of 1947. Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is, in all respects, affirmed.

*Judgment affirmed.*

Tyack and Strausbaugh, JJ., concur.

Dean Strausbaugh, J., retired, of the Tenth Appellate District, sitting by assignment.