[716 NYS2d 211]

Lucille Mamorella, Appellant, v Paul J. Derkasch et al., Respondents.

Fourth Department, November 13, 2000

APPEARANCES OF COUNSEL

*Mark David Blum,* Fayetteville, for appellant.

*Peter J. Cambs,* Camillus, for Paul J. Derkasch, respondent.

*Robert Saperstein,* Melville, for Empire State Supervisors and Administrators Association, respondent.

### OPINION OF THE COURT

PIGOTT, JR., P. J.

On this appeal, plaintiff urges our Court to reject as against public policy the well-established rule that an attorney who performs services for and on behalf of a union may not be held liable in malpractice to individual union members where the services at issue constitute a part of the collective bargaining process (*see, Frontier Pilots Litig. Steering Comm. v Cohen, Weiss & Simon,* 227 AD2d 130, 131; *Peterson v Kennedy,* 771 F2d 1244, 1256, *cert denied* 475 US 1122). We decline to do so.

The relevant facts are not in dispute. Plaintiff, Lucille Mamorella, was employed as a teacher, supervisor and principal in the Auburn Enlarged City School District for 30 years. In August 1995, plaintiff was appointed to a three-year probationary appointment as principal of the Auburn West Middle School. On May 23, 1996, the Superintendent of Schools

sent plaintiff a letter notifying her of his intention to terminate her probationary appointment. Plaintiff retained private counsel, but when he was unable to assist her in a timely manner, she contacted defendant Empire State Supervisors and Administrators Association (ESSAA), an association of local bargaining units of public school administrators and supervisors across the State, which represents the bargaining unit to which plaintiff belonged. Defendant Paul J. Derkasch, Esq. is one of two or three attorneys retained by ESSAA to handle certain types of legal matters for union members. Pursuant to that retainer, Derkasch was assigned to represent plaintiff. Thereafter, Derkasch prepared and filed a contract grievance against the School District alleging that plaintiff was wrongfully terminated.

Plaintiff's grievance against the School District proceeded to arbitration, with Derkasch representing plaintiff at the arbitration proceeding. After a hearing, the grievance was denied.

Thereafter, plaintiff commenced the instant action against Derkasch for, *inter alia*, legal malpractice and against ESSAA for the negligence of Derkasch under the doctrine of respondeat superior, based upon the alleged status of Derkasch as an employee of ESSAA. Following joinder of issue, ESSAA moved for summary judgment dismissing the complaint against it on the ground that Derkasch was an independent contractor retained by ESSAA to represent union members, and thus ESSAA could not be held liable for any alleged negligence or malpractice by Derkasch. ESSAA further contended that plaintiff's sole cause of action against ESSAA would be for breach of the duty of fair representation, but that such a cause of action could not be maintained on the facts of this case. Derkasch also moved to dismiss the complaint against him and joined in the motion of ESSAA. Plaintiff opposed the motions, contending that there is an issue of fact whether Derkasch is an employee of ESSAA and that Derkasch committed legal malpractice in his representation of plaintiff at her arbitration proceeding.

In a written decision, Supreme Court determined that Derkasch is an independent contractor and that, as a matter of law, ESSAA cannot be liable for the alleged negligent acts of an independent contractor. The court further determined that plaintiff's legal malpractice claim is preempted by Federal labor law, and that plaintiff was limited to bringing an action against ESSAA for breach of the duty of fair representation. The court went on to conclude that, on the facts of this case, plaintiff

failed to state a cause of action for breach of the duty of fair representation and granted defendants' motions for summary judgment dismissing the amended complaint.

∎ Preliminarily, we note that plaintiff has not challenged on appeal the court's determination that Derkasch is an independent contractor, and we therefore deem abandoned any issue with respect to that determination (*see, Bracken v Niagara Frontier Transp. Auth.*, 251 AD2d 1068, 1069). In any event, the court's determination that Derkasch is an independent contractor is fully supported by the record, and thus ESSAA would not be liable for any negligence by Derkasch under the doctrine of respondeat superior (*see generally, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668, *rearg dismissed* 82 NY2d 825).

∎ On the merits, it is well established that plaintiff's legal malpractice claim is preempted by Federal labor law, and that attorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services performed constitute part of the collective bargaining process (*see, Frontier Pilots Litig. Steering Comm. v Cohen, Weiss & Simon, supra,* at 131; *see also, Atkinson v Sinclair Ref. Co.*, 370 US 238, 246-248; *Waterman v Transport Workers' Union Local 100*, 8 F Supp 2d 363, 370, *affd* 176 F3d 150; *Arnold v Air Midwest,* 100 F3d 857, 861-862; *Breda v Scott,* 1 F3d 908, 908-909; *Montplaisir v Leighton,* 875 F2d 1, 4; *Peterson v Kennedy, supra,* at 1256). Plaintiff is limited to bringing an action against the union for breach of the duty of fair representation (*see, Peterson v Kennedy, supra,* at 1259).

Plaintiff acknowledges this case law, which was cited by Supreme Court in support of its decision, but urges our Court to reject it as against public policy in New York. We conclude that the rule is not against public policy. As the court observed in *Peterson* (*supra,* at 1256), "sound policy reasons as well as established precedent compel the conclusion that attorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process." The court in *Peterson* reasoned that "an attorney who is handling a labor grievance on behalf of a union as part of the collective bargaining process has [not] entered into an 'attorney-client' relationship in the ordinary sense with the particular union member who is asserting the underlying grievance" (*Peterson v Kennedy, supra,* at 1258). We agree. In our view, judicial reluctance to impose malprac-

tice liability on union attorneys for conduct undertaken as the union's collective bargaining agents is supported by sound policy considerations and is not contrary to the public policy of New York.

Here, plaintiff's legal malpractice claim is "inextricably intertwined" with consideration of the terms of the collective bargaining agreement (*Allis-Chalmers Corp. v Lueck*, 471 US 202, 213; *see, Morris v United Parcel Serv.*, 134 AD2d 840, 841). Thus, the court properly determined that it is preempted by Federal labor law.

We further conclude that the court properly determined that plaintiff failed to state a cause of action for breach of the duty of fair representation. " 'To sustain a cause of action for breach of the duty of fair representation there must be substantial evidence of fraud, deceitful action, or dishonest conduct, or evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives' " (*Mellon v Benker*, 186 AD2d 1020, 1021, quoting *Badman v Civil Serv. Empls. Assn.*, 91 AD2d 858). "The fact that the union was guilty of mistake, negligence or lack of competence does not suffice for such a claim" (*Mellon v Benker, supra*, at 1021). Here, plaintiff alleges only that the union was negligent, and negligence is insufficient to support a breach of the duty of fair representation action against the union (*see, Peterson v Kennedy, supra*, at 1259). Accordingly, the order should be affirmed.

PINE, WISNER, KEHOE and BALIO, JJ., concur.

Order unanimously affirmed, without costs.