■ TIMOTHY E. CALKINS et al., Appellants, v POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE TROOPERS, INC., Respondent. (Appeal No. 2.) [864 NYS2d 655]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered August 22, 2007. The order granted defendant's motion for summary judgment dismissing the amended complaint and for costs and disbursements.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover wage and benefit increases conferred upon New York State Troopers pursuant to a collective bargaining agreement (CBA) between defendant and the State of New York (State). Plaintiffs are six of approximately 72 retired State Troopers who were rehired as "Special Troopers" on a temporary basis in 2001. According to plaintiffs, defendant violated its duty of fair representation as the exclusive bargaining agent for the Special Troopers. As a result of the negotiations for the CBA, defendant recommended excluding the Special Troopers from, inter alia, expanded duty pay and increases in longevity pay in an effort to obtain a substantial increase in longevity pay for the other State Troopers represented by defendant. A memorandum of agreement was prepared by defendant and the State reflecting such exclusions for the Special Troopers, which was ratified by defendant's membership. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint and for costs and disbursements. To establish that a bargaining agent breached its duty of fair representation, a plaintiff must show that the bargaining agent's conduct was arbitrary, discriminatory, or in bad faith (see Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York, 64 NY2d 188, 196 [1984]). " '[T]here must be substantial evidence of fraud, deceitful action, or dishonest conduct, or evidence of discrimination that is intentional, severe, and unrelated to legitimate . . . objectives [of the bargaining agent]' " (Mellon v Benker, 186 AD2d 1020, 1021 [1992]).

Here, the fact that defendant treated the Special Troopers differently from other State Troopers represented by defendant in its negotiations for a new CBA does not amount to a violation of the duty of fair representation. Defendant met its initial burden on the motion by establishing that it undertook "a good-faith balancing of the divergent interests of its membership and [chose] to forgo benefits which may be gained for one class of employees in exchange for benefits to other employees" (Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters, 64 NY2d at 197), and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Contrary to plaintiffs' contention, the record establishes that defendant did not misrepresent its negotiating position in a "Contract Update" memorandum sent to its members. That memorandum expressly provides that the Special Troopers were excluded from "all new monetary aspects of the contract." In any event, even assuming, arguendo, that defendant did misrepresent the negotiating positions of the parties in that memorandum, we cannot conclude on the record before us that such conduct was arbitrary, discriminatory or in bad faith (*see Matter of Buffalo Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 286 AD2d 993 [2001]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.