proceeding contending that respondent lacked the authority to impose a period of postrelease supervision because the sentencing court had not done so. We note at the outset that, because petitioner has been released from custody and restored to postrelease supervision, habeas corpus relief is no longer available to him (*see People ex rel. Gill v Greene,* 48 AD3d 1003, 1004 [2008]). Instead of dismissing the proceeding as moot, however, we convert the proceeding to one pursuant to CPLR article 78 in the nature of prohibition, and we consider the merits of the appeal (*see* CPLR 103 [c]; *People ex rel. Eaddy v Goord,* 48 AD3d 1307, 1308 [2008]; *Gill,* 48 AD3d at 1004). As petitioner correctly notes, the sentencing court did not impose a period of postrelease supervision and, "[b]ecause CPL 380.20 and 380.40 collectively provide that only a judge may impose a . . . sentence [of postrelease supervision], we conclude that [respondent] may not do so" (*Matter of Garner v New York State Dept. of Correctional Servs.,* 10 NY3d 358, 360 [2008]; *see People ex rel. Gerard v Kralik,* 51 AD3d 1045 [2008]; *People ex rel. Foote v Piscotti,* 51 AD3d 1407 [2008]; *People ex rel. Lewis v Warden, Otis Baum Correctional Ctr.,* 51 AD3d 512 [2008]). Present— Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.

■ TIMOTHY E. CALKINS et al., Appellants, v POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE TROOPERS, INC., Respondent. (Appeal No. 1.) [864 NYS2d 369]—Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered January 10, 2007. The order, insofar as appealed from, denied that part of plaintiffs' motion for class certification.

It is hereby ordered that said appeal is unanimously dismissed without costs as moot (*see Calkins v Police Benevolent Assn. of N.Y. State Troopers, Inc.,* 55 AD3d 1328 [2008]). Present— Hurlbutt, J.P., Martoche, Fahey, Peradotto and Green, JJ.

■ In the Matter of MICHAEL R. STEBICK, an Attorney, Respondent. [864 NYS2d 337]—Order of suspension entered pursuant to Judiciary Law § 90 (4) (f) and (g). Present—Hurlbutt, J.P., Smith, Centra, Peradotto and Gorski, JJ. (Filed Sept. 17, 2008.)

■ In the Matter of RONALD H. TILLS, an Attorney, Respondent. [864 NYS2d 337]—Order of suspension entered pursuant to Judiciary Law § 90 (4) (f) and (g). Present—Hurlbutt, J.P., Smith, Centra, Peradotto and Gorski, JJ. (Filed Sept. 17, 2008.)

■ In the Matter of ALAN E. FIELITZ, a Suspended Attorney, Resignor. [864 NYS2d 337]—Resignation accepted and name stricken from roll of attorneys. Present—Hurlbutt, J.P., Smith, Centra, Peradotto and Gorski, JJ. (Filed Sept. 18, 2008.)