An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AJAY VAKIL,
Appellant,
vs.
CLARK COUNTY; SERVICE
EMPLOYEES INTERNATIONAL
UNION LOCAL 1107; AND THE
EMPLOYEE MANAGEMENT
RELATIONS BOARD,
Respondents.

No. 66451

**FILED**

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of an employment matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant was employed by respondent Clark County in the Water Reclamation District before voluntarily transferring to the Department of Development Services in December 2007. In February 2011, appellant was laid off under the layoff guidelines agreed to by Clark County and respondent Service Employees International Union Local 1107 (SEIU), which provided that layoffs would occur in reverse seniority and the seniority computation would begin from the time the employee initiates work in the new department if he or she voluntarily transferred to that department. SEIU assisted appellant in appealing the layoff, which was affirmed, but decided not to pursue a grievance on his behalf. Appellant filed a complaint with the Employee Management Relations Board (EMRB), against Clark County and SEIU, which was denied and the district court thereafter denied his petition for judicial review. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27571

Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence supported the EMRB's decision. *See Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev., Adv. Op. 36, 302 P.3d 1108, 1112 (2013) (providing that this court, like the district court, gives considerable deference to the EMRB's rulings and will affirm the EMRB's decision if it is supported by substantial evidence, which is evidence that "a reasonable person would accept as adequate to support a conclusion"). While appellant argues that Clark County violated the collective bargaining agreement's definition of "continuous service" in calculating his seniority, he does not address the fact that Clark County and SEIU bargained for and agreed to layoff guidelines supplementing the collective bargaining agreement, which provided that an employee who voluntarily transfers to another department will have his or her seniority calculated from the date he or she began working for the new department. Substantial evidence supports the EMRB's conclusion that Clark County did not violate the collective bargaining agreement and supplemental layoff guidelines when it calculated appellant's seniority from the date he started with the Department of Development Services.

Further, substantial evidence supports the EMRB's decision that the County rebutted appellant's prima facie case for age discrimination because he was laid off as a result of an application of reverse seniority. *See Apeceche v. White Pine Cnty.*, 96 Nev. 723, 726-27, 615 P.2d 975, 977-78 (1980) (providing that once a prima facie case for discrimination is established, the employer has the burden to demonstrate some legitimate, nondiscriminatory reason for its action). Lastly, substantial evidence supports the EMRB's conclusion that SEIU fairly represented appellant even though it did not file a grievance on his behalf

because SEIU made a good faith determination that the grievance lacked merit. *See Weiner v. Beatty*, 121 Nev. 243, 249, 116 P.3d 829, 833 (2005) (requiring a union representing a union member to act in good faith). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Rob Bare, District Judge
Salvatore C. Gugino, Settlement Judge
Alverson Taylor Mortensen & Sanders
Urban Law Firm
Attorney General/Las Vegas
Clark County District Attorney/Civil Division
Eighth District Court Clerk

---

[1]While it appears that appellant takes issue with the County's designation of employees without engineering licenses as engineers, whether the County violated NRS 625.520 was not properly before the EMRB, and thus, this issue is not properly before this court.