■ JANET BRAATZ, Appellant, v CARL A. MATHISON, III, as President of Dutchess County Unit, Dutchess County Local 814, Civil Service Employees' Association, Inc., Local 1000 AFSCME/AFL-CIO, et al., Respondents.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered December 18, 1990 in Dutchess County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an employee of the Dutchess County Department of Social Services, admitted having a personal relationship with one of her clients, a dependent and emotionally disturbed Adult Protective Services recipient. Thereafter, the County requested plaintiff's resignation and she sought the aid of her union representative, defendant Carl A. Mathison, III (hereinafter defendant). Eventually, defendant negotiated the terms of a settlement with the County which provided that plaintiff would resign her position and, in exchange, the County would expunge unfavorable references from plaintiff's personnel record and provide her with neutral job references and four weeks of severance pay as well as accrued benefits. After consulting with her private attorney, plaintiff signed the stipulation of settlement and submitted a letter of resignation. Plaintiff subsequently commenced this action against, among others, defendant, claiming that he breached his duty to fairly represent her by "fail[ing] to advise her to proceed with [a] grievance in light of the fact that the termination of employment was based solely on hearsay allegations from an anonymous phone caller". Following joinder of issue, Supreme Court granted defendants' motion for summary judgment dismissing the complaint. This appeal ensued.

There should be an affirmance. It is well settled that a union breaches its statutory duty of fair representation only when its conduct toward a member is arbitrary, discriminatory or in bad faith *(Vaca v Sipes,* 386 US 171, 190; *Trainosky v Civil Serv. Employees Assn.,* 130 AD2d 827; *Symanski v East Ramapo Cent. School Dist.,* 117 AD2d 18, 21; *Smith v Sipe,* 109 AD2d 1034, 1036 [Mahoney, P. J., dissenting], *revd on dissenting mem below* 67 NY2d 928). Thus, the mere failure of

a union to proceed to arbitration with a grievance *(see, Syman-ski v East Ramapo Cent. School Dist., supra)*, or the fact that a union is guilty of mistake, negligence or lack of competence *(see, Trainosky v Civil Serv. Employees Assn., supra)*, does not suffice for such a claim.

In the instant case, defendant has submitted evidentiary facts showing that he acted in good faith. In response, plaintiff claims that potential criminal charges affected her decision and that there is a question as to who, if anyone, suggested the possibility that rape charges might be brought against her. This is patently insufficient to raise an issue of fact. The record demonstrates that defendant advised plaintiff that he could not guarantee a successful outcome if she chose to challenge the anticipated disciplinary charges, that termination or demotion were not unlikely outcomes, and that the results of any disciplinary hearing would become a matter of public record. Plaintiff has submitted no facts suggesting that defendant's conduct was deliberately invidious, arbitrary or founded in bad faith or, indeed, that his advice was incorrect. Giving plaintiff's assertions their maximum possible scope, they allege no more than simple negligence. Accordingly, Supreme Court properly granted defendants' motion for summary judgment.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.