■ EGEO ALTIMARI, Respondent, v WAYNE PARKER, as President of the Wappingers Federation of Transit, Custodial and Maintenance Workers, Appellant.—Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Connor, J.), entered May 13, 1992 in Ulster County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

Effective June 29, 1987, plaintiff, a member of the Wappingers Federation of Transit, Custodial and Maintenance Workers (hereinafter the Union) was terminated from his employment as a maintenance mechanic for the Wappingers Central School District (hereinafter the District). Believing his dismissal to have been effectuated without just cause and therefore contrary to the terms of the collective bargaining agree-

ment governing his employment, plaintiff filed a grievance against the District and the dispute proceeded to arbitration. The day before the hearing was to begin, plaintiff attempted to stay the proceedings for the purpose of retaining his own attorney; however, when a Union attorney assured him that the assigned Union representative would fully and fairly represent his interests at the arbitration hearing, plaintiff withdrew his request for a stay. Union field representative Harry Fairbank appeared on plaintiff's behalf during the six days of the hearing, after which the arbitrator decreed that plaintiff had been improperly discharged and was to be reinstated to his position. Finding sufficient misconduct on plaintiff's part to justify some discipline, however, the arbitrator did not order back pay, deciding instead that the 11 months between plaintiff's discharge and reinstatement were to be treated as a suspension without pay.

Plaintiff thereupon brought this suit charging that the Union had breached its duty of fair representation in that Fairbank—with whose representation plaintiff had expressed satisfaction prior to receipt of the arbitrator's decision—had refused to place into evidence all of the documents tendered by plaintiff, had called but one of the six or seven witnesses suggested by plaintiff, and had refused to insist that the arbitrator visit the job sites at which plaintiff had allegedly performed substandard plumbing work. Defendant answered and then moved for summary judgment; plaintiff opposed the motion and also cross-moved for an order disqualifying defendant's counsel, Kevin Harren, and Harren's employer, the Office of the General Counsel of the New York State United Teachers, on the ground that Harren would be a necessary witness because of his alleged promise that the Union would represent plaintiff competently. Supreme Court denied defendant's motion for summary judgment and granted plaintiff's cross motion. Defendant appeals from the order entered thereon.

Accepting all of plaintiff's allegations and contentions at face value, we nonetheless find that he has not stated a claim for breach of the Union's duty of fair representation. To do so, one must allege facts that show either arbitrary, discriminatory or bad-faith conduct (see, Braatz v Mathison, 180 AD2d 1007), or that the Union representative discharged his duties in a perfunctory manner (see, Smith v Sipe, 109 AD2d 1034, 1036 [Mahoney, P. J., dissenting], revd on dissenting mem below 67 NY2d 928). Plaintiff does not charge that the Union

acted in a manner that was discriminatory or in bad faith, and the Union's handling of the grievance can in no way be considered perfunctory. It is undisputed that Fairbank met with plaintiff several times prior to the hearing, once for seven or eight hours, and copied all the documentation that plaintiff proffered for possible use in the proceeding. At the hearing, Fairbank fully developed plaintiff's testimony, called a supporting witness and, after consulting with two other Union officials concerning the advisability of doing so, presented at least half of the many documents tendered by plaintiff. When the evidence is viewed in the light most favorable to plaintiff, as it must be at this juncture, the worst that can be said is that some of Fairbank's decisions might give rise to a claim of negligence, but it is by now axiomatic that mere negligence does not provide a basis for a claim of breach of the duty of fair representation (see, Smith v Sipe, supra, at 1036; Trainosky v Civil Serv. Empls. Assn., 130 AD2d 827).

Our determination awarding defendant summary judgment makes it unnecessary to address the other points pressed upon us by the parties.

Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.