■ Lucy R. Kleinmann, Appellant, v John Bach, Individually and as Superintendent of Schools, Albany City School District, et al., Defendants, and Albany Public Schools Teachers Association et al., Respondents. [600 NYS2d 327] — Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 17, 1992 in Albany County, which granted a motion by certain defendants for summary judgment dismissing the complaint against them.

On or about February 5, 1990 plaintiff, a tenured teacher with defendant Albany City School District, was notified that she was being transferred from school No. 24 to Philip Schuyler Elementary School effective February 12, 1990. Upon being advised of the transfer, plaintiff contacted her union, defendant Albany Public Schools Teachers Association (hereinafter the union), informed its representatives that she did not wish to be transferred and requested that the union file a grievance on her behalf. The requested grievance was filed on or about March 8, 1990, alleging that plaintiff's transfer violated certain provisions of the parties' collective bargaining agreement. On March 30, 1990, a grievance hearing was held. Plaintiff attended this hearing and was assisted by defendant Robert M. York, the union grievance chairperson. Plaintiff's

grievance was denied by the Superintendent of Schools, defendant John Bach, on April 10, 1990.

Thereafter, on May 8, 1990, the union grievance committee met to determine whether to arbitrate plaintiff's grievance. Plaintiff attended this meeting and was informed at that time of the union's decision not to pursue her grievance to arbitration. Plaintiff also received written notification of the union's decision in this regard by letter dated May 15, 1990. It appears that plaintiff then retained independent counsel to arbitrate her grievance and that the matter was ultimately settled.

On June 5, 1990, plaintiff filed a charge against the union with the Public Employment Relations Board (hereinafter PERB) alleging, *inter alia,* that the union breached its duty of fair representation by failing to arbitrate her grievance. A hearing was held before an Administrative Law Judge (hereinafter ALJ) on November 6, 1990, at which plaintiff appeared *pro se.* The ALJ dismissed the charge on March 29, 1991, finding that while the union may have given plaintiff conflicting advice, plaintiff failed to establish that the union's conduct was tainted by improper motive, discrimination or bad faith.

In the interim, on or about February 4, 1991, plaintiff commenced this action against, among others, defendants* alleging that defendants breached their duty of fair representation to plaintiff. Following joinder of issue, defendants moved for summary judgment asserting, *inter alia,* that plaintiff's action was time barred. Supreme Court granted defendants' motion, finding that plaintiff's cause of action accrued on May 15, 1990 and that this action was therefore barred by the four-month Statute of Limitations contained in CPLR 217 (2) (a). This appeal by plaintiff followed.

We affirm, but for reasons different than those posited by Supreme Court. CPLR 217 (2) (a) provides, in pertinent part, that "[a]ny action or proceeding against an employee organization * * * which complains that such employee organization has breached its duty of fair representation * * * shall be commenced within four months of the date the employee * * * knew or should have known that the breach has occurred, or within four months of the date the employee * * *

---

* For purposes of this appeal, the term "defendants" refers to the union, defendant New York State United Teachers and their various representative members, including defendants Barbara O'Heaney, Richard J. Milhan, Thomas Y. Hobart, Jr., Fred Nauman, Robert M. York and Richard Horwitz.

suffers actual harm, whichever is later". We agree with Supreme Court that plaintiff's cause of action accrued no later than May 15, 1990 when she received formal notification of the union's decision not to arbitrate her grievance. The four-month Statute of Limitations set forth in CPLR 217 (2) (a), however, does not apply to "actions, proceedings *or* charges commenced *or* filed prior to [its] effective date", i.e., July 11, 1990 (L 1990, ch 467, § 5 [emphasis supplied]). Here, although this action was commenced in February 1991, well after the effective date of CPLR 217 (2) (a), plaintiff filed the charge against the union with PERB on June 5, 1990, approximately one month before the new Statute of Limitations provision went into effect. We must therefore conclude that CPLR 217 (2) (a) does not apply. We are, however, of the view that defendants are entitled to summary judgment on the merits.

The gravamen of plaintiff's complaint is that defendants breached their duty of fair representation to plaintiff by failing to arbitrate her grievance. In this regard, "[i]t is well settled that a union breaches its statutory duty of fair representation only when its conduct toward a member is arbitrary, discriminatory or in bad faith" *(Braatz v Mathison,* 180 AD2d 1007; *see, Altimari v Parker,* 189 AD2d 982, 983). Moreover, "[a] union is not required to carry every grievance to the highest level, and the mere failure on the part of a union to proceed to arbitration with a grievance is not, per se, a breach of its duty of fair representation" *(Matter of Garvin v New York State Pub. Empl. Relations Bd.,* 168 AD2d 446, 447, *lv denied* 77 NY2d 805; *see, Mellon v Benker,* 186 AD2d 1020, 1021; *Braatz v Mathison, supra).* The proof establishes that defendants' decision not to proceed with plaintiff's grievance, made after careful consideration of the underlying facts and review of the relevant collective bargaining agreement, was based upon their conclusion that plaintiff's grievance lacked merit, and the record contains nothing, save plaintiff's conclusory and self-serving allegations, to demonstrate bad faith, discrimination or arbitrariness on the part of defendants *(see, Mellon v Benker, supra,* at 1021). Accordingly, defendants' motion for summary judgment dismissing the complaint was properly granted.

Mikoll, J. P., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is affirmed, without costs.