■ ALBERT R. AHRENS et al., Respondents, et al., Plaintiffs, v NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO, et al., Appellants. [610 NYS2d 680] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Spain, J.), entered July 15, 1993 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint as to certain plaintiffs.

Plaintiffs, who are members of defendant New York State Public Employees Federation, AFL-CIO (hereinafter PEF), are or were employed by the State Department of Transportation

(hereinafter DOT) as Transportation Safety Specialists, a position which involves, among other duties, the investigation of rail, transit and commuter rail accidents. Beginning in April 1986, plaintiffs were formally assigned responsibility, on a rotating basis, for the performance of these investigative duties on weekends; for each weekend, from 4:40 P.M. Friday until 8:30 A.M. Monday, the employee designated to be "on call" was required to be available for work if an accident should occur.

This new assignment prompted plaintiffs Albert R. Ahrens, William J. Dayton, Jr. and Robert C. Erickson to file grievances charging that DOT's unilateral imposition of mandatory "on call" duty constituted an impermissible change in the standard work week established by the collective bargaining agreement governing their employment. The grievances were pursued through three levels of a four-step grievance process, with the Governor's Office of Employee Relations ultimately holding that the implementation of "on call" time was not a change in the work week but rather an addition, that such duty was expressly contemplated by the contract and by a "side letter" which was incorporated therein, and that these plaintiffs were not entitled to "standby" pay—a percentage of the regular wage, paid for each hour an employee is on call, even if he or she is not required to report for work—for the time they were on call. In this regard, it was noted that while the contract expressly required standby pay for employees in three particular job classifications (nurse, nurse anesthetist and physician's assistant), and while the side letter demonstrated PEF's and DOT's recognition that "on call" duty might be required of employees in other positions, no provision had been made for standby pay to be paid to those other employees.

When the PEF field representative handling the grievances declined to pursue the fourth step of the grievance process, which entailed submitting the matter to binding arbitration, plaintiffs brought this suit alleging that PEF had breached its duty of fair representation. Defendants moved for summary judgment dismissing the complaint. For purposes of the disposition of this appeal, it suffices to note that with respect to the claims of Ahrens, Dayton and Erickson (hereinafter collectively referred to as plaintiffs), Supreme Court found defendant's moving papers insufficient to establish, prima facie, that there had been no breach of the duty of fair representation, and therefore declined to grant summary judgment in defendants' favor on those claims. Defendants appeal.

The thrust of plaintiffs' claim is that PEF failed to adequately investigate the facts and the law pertinent to their grievances, and as a result made what plaintiffs believe to be an erroneous decision to refrain from submitting them to arbitration. This claim is unavailing, for a cause of action for breach of a union's duty to fairly represent its members must be predicated on actions which are arbitrary, discriminatory or undertaken in bad faith *(see, e.g., Trainosky v Civil Serv. Empls. Assn.,* 130 AD2d 827), and a plaintiff may not prevail if all that is shown is that the union was negligent or mistaken *(see, Altimari v Parker,* 189 AD2d 982, 984). Moreover, inasmuch as a union is under no duty to pursue every grievance to arbitration, the failure to do so is not, without more, a breach of the duty of fair representation *(see, Kleinmann v Bach,* 195 AD2d 736, 738; *Braatz v Mathison,* 180 AD2d 1007, 1007-1008).

The affidavit of the PEF field representative, submitted in support of defendant's motion, establishes that the decision not to proceed to arbitration was made as a result of an honest belief, founded upon a review of the bargaining agreement, the side letter and the files of similar grievances, that plaintiffs would not prevail, and that pursuit of the grievance procedure might result in establishment of a precedent which would bolster DOT's position in future grievances, and thus be harmful to the union's membership as a whole. These averments are sufficient to shift the burden to plaintiffs to come forward with some evidence tending to support their claim of breach.

In opposition, plaintiffs rely on the field representative's failure to consult with PEF's office of general counsel prior to making his decision—a fact which demonstrates nothing more than simple negligence, if that—and on conclusory assertions that because plaintiffs might have succeeded before the arbitrator, PEF's failure to process the grievance to that point was arbitrary and capricious. Conspicuously absent from plaintiffs' papers is any evidence of discrimination, arbitrariness, " 'invidious, hostile treatment' " *(Smith v Sipe,* 109 AD2d 1034, 1037 [Mahoney, P. J., dissenting], *revd on dissenting mem below* 67 NY2d 928), or any other conduct or motivation sufficient to support a judgment in their favor *(see also, Mellon v Benker,* 186 AD2d 1020, 1021). Defendants are accordingly entitled to have their motion granted in its entirety.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion with respect

to plaintiffs Albert R. Ahrens, William J. Dayton, Jr. and Robert C. Erickson; motion granted with respect to said plaintiffs, summary judgment awarded to defendants and complaint of said plaintiffs dismissed; and, as so modified, affirmed.