■ In the Matter of KENNETH L. BURNING, Appellant, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., et al., Respondents. [710 NYS2d 276] —Judgment unanimously affirmed without costs. Memorandum: Petitioner challenges his termination from employment with respondent Niagara Frontier Transportation Authority and its subsidiary, respondent Niagara Frontier Transit Metro System, Inc. Petitioner, who is subject to the grievance and arbitration provisions of a collective bargaining agreement, may bring a direct action against his employer if he establishes that he was denied fair representation by respondent Local Union 1342 of the Amalgamated

Transit Union (Union) (*see, Vaca v Sipes*, 386 US 171, 185; *Jackson v Regional Tr. Serv.*, 54 AD2d 305, 306-307). "It is well settled that a union breaches its statutory duty of fair representation only when its conduct toward a member is arbitrary, discriminatory or in bad faith" (*Braatz v Mathison*, 180 AD2d 1007; *see, Vaca v Sipes, supra*, at 190). Petitioner contends that the Union arbitrarily and in bad faith failed to proceed to arbitration, thereby breaching its duty of fair representation. The mere failure of a union to proceed to arbitration, however, does not establish a breach of the duty of fair representation (*see, Vaca v Sipes, supra*, at 191-192; *Braatz v Mathison, supra*, at 1007-1008; *Symanski v East Ramapo Cent. School Dist.*, 117 AD2d 18, 21), and petitioner failed to demonstrate that the Union's conduct was arbitrary, discriminatory or in bad faith (*see, Braatz v Mathison, supra*). Thus, Supreme Court properly granted respondents' motions to dismiss the amended petition.

Petitioner's remaining challenge to the severity of the penalty was not raised in the amended petition and therefore has not been preserved for our review (*see, Gregory v Town of Cambria*, 69 NY2d 655, 656-657). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—CPLR art 78.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.