In the Matter of BUFFALO POLICE BENEVOLENT ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, MICHAEL R. CUEVAS, as Chairman, Respondent. [730 NYS2d 820] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner contends that the determination that it breached its duty of fair representation (see, Civil Service Law § 209-a [2] [c]) is not supported by substantial evidence (see, CPLR 7803 [4]). With respect to the determination that petitioner breached that duty by disseminating false and/or misleading information concerning the status of pending grievances and improper practice charges, there is no evidence that petitioner's conduct was "arbitrary, discriminatory or in bad faith" (Braatz v Mathison, 180 AD2d 1007; see, Matter of Burning v Niagara Frontier Tr. Metro Sys., 273 AD2d 830, 831, lv denied 95 NY2d 765). Petitioner's mistake, negligence or incompetence with respect to the dissemination of that information is not a sufficient basis for such a claim (see, Mellon v Benker, 186 AD2d 1020, 1021; see also, Smith v Sipe, 67 NY2d 928; Mamorella v Derkasch, 276 AD2d 152, 156). Thus, the determination must be annulled in that respect.

Respondent further determined that petitioner breached its duty of fair representation by intervening in a CPLR article 78 proceeding commenced by charging parties Marvin V. Sanford, Richard D. Woods, Johnnie A. Fritz, Jr., Tomar Hubbard, Bradford Pitts and Robert W. Yeates challenging the civil service examination for the position of detective in the City of Buffalo Police Department. We conclude that there is a rational basis

to support that determination only insofar as there is evidence that petitioner intervened and asserted against the interests of Sanford, Woods and Fritz that article 24 of the Collective Bargaining Agreement (CBA) is not applicable to them. At the time of that proceeding, petitioner was representing those charging parties on grievances alleging that they were tenured under article 24 of the CBA. Furthermore, before that proceeding, petitioner indicated at a meeting attended by Sanford and Fritz that it would not oppose any individually financed proceeding based on article 24 of the CBA. Although petitioner had a legitimate reason for intervening in that proceeding because it exceeded the scope of the proceeding that had been discussed at the meeting, it was not necessary for petitioner to assert the inapplicability of article 24 of the CBA. The fact that petitioner did so is evidence of arbitrariness, if not bad faith. Hubbard, Pitts and Yeates did not, however, file grievances based on article 24 of the CBA, and thus the determination that petitioner breached its duty of fair representation with respect to those charging parties must be annulled.

We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner breached its duty of fair representation by disseminating false and/or misleading information concerning the status of pending grievances and improper practice charges, by annulling that part of the determination finding that petitioner breached its duty of fair representation with respect to charging parties Sanford, Woods and Fritz except insofar as that determination is based on the finding that petitioner breached that duty by intervening in the prior proceeding and asserting that article 24 of the CBA is not applicable to them and by annulling that part of the determination finding that petitioner breached its duty of fair representation with respect to charging parties Hubbard, Pitts and Yeates. Because of these modifications, we further modify the determination by vacating the remedy, and we remit the matter to respondent for imposition of an appropriate remedy (see, Matter of Murray v Division of Alcoholic Beverage Control, 272 AD2d 962, 963). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Joslin, J.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.