◼ ROBERT J. BUTLER, Appellant, v RUSSELL McCARTY et al., Respondents. [762 NYS2d 129] —Carpinello, J. Appeals (1) from an order of the Supreme Court (O'Brien, III, J.), entered March 15, 2002 in Madison County, which, inter alia, granted defendants' motion to dismiss the complaint, and (2) from the order and judgment entered thereon.

Following his discharge from a custodial position with the Fayetteville-Manlius Central School District, plaintiff, a member of a local union covering all custodial workers within the school district, unsuccessfully grieved his termination. During the grievance proceeding, plaintiff was represented by a labor relations specialist employed by the New York State United Teachers (hereinafter NYSUT), a statewide affiliate of his union which provides assistance with collective bargaining and grievance matters. This labor relations specialist was not an attorney.

In this action commenced against the president of his local union, the president of NYSUT, and two fellow school district employees/union members (hereinafter the individual defendants), plaintiff claims that he was terminated as a result of false allegations by the individual defendants and that he received inadequate representation by the labor relations specialist during the grievance procedure. Supreme Court's dismissal of the action against all defendants for failure to state a cause of action has prompted these appeals. We now affirm.

We begin by noting that plaintiff does not challenge Supreme Court's dismissal of the complaint against the president of his local union and that issue is therefore abandoned (*see e.g. Flower v Noonan*, 271 AD2d 825 n 1 [2000]). With respect to NYSUT, plaintiff argues that, as a statewide organization armed with expertise "in representational services," it should be held to a higher standard of care than just the duty of fair representation, namely, a standard of care commensurate with legal malpractice claims.[1] NYSUT, in turn, argues that it owes *no* duty whatsoever to plaintiff since it was not a party to the

---

1. A breach of the duty of fair representation entails a showing of conduct by a union that is arbitrary, discriminatory or founded in bad faith (*see Ahrens v New York State Pub. Empls. Fedn., AFL-CIO*, 203 AD2d 796, 798 [1994]; *Kleinmann v Bach*, 195 AD2d 736, 738 [1993]; *see also Smith v Sipe*, 109 AD2d 1034, 1035 [1985] [Mahoney, P.J., dissenting], *revd on dissenting mem below* 67 NY2d 928 [1986]).

collective bargaining agreement between the school district and his union.[2]

Notably, plaintiff offers no compelling statutory or decisional authority supporting the application of a higher standard of care to NYSUT, and we conclude that none exists, particularly since the labor relations specialist who processed the grievance was *not* an attorney (*compare Matter of Salerno v Civil Serv. Tech. Guild, Local 375*, 25 PERB ¶ 7528 [1992]). Having rejected the application of a higher standard of care in this case, we need not detain ourselves with the precise legal question of whether NYSUT, by assisting plaintiff in the grievance process, in fact owed a duty of fair representation to him (*compare Matter of O'Brien*, 25 PERB ¶ 4631 [1992] and *Matter of Jacobs v Board of Educ., E. Meadow Union Free School Dist.*, 64 AD2d 148, 152 n 1 [1978], *appeal dismissed* 46 NY2d 1075 [1979], *with Matter of Sterner*, 31 PERB ¶ 4601 [1998]; *Matter of Feraci*, 30 PERB ¶ 4661 n 6 [1997]; *Matter of MacKenzie*, 20 PERB ¶ 4590 [1987]). First, plaintiff denied in his papers before Supreme Court that he was alleging that NYSUT breached a duty of fair representation. Moreover, he readily concedes in his brief to this Court that, if NYSUT is held to such standard, the conduct alleged against it does *not* rise to the level necessary to support such a claim. Under these circumstances, the complaint clearly does not state a cause of action against NYSUT and was thus properly dismissed.

Finally, as the proposed claims alleged against the individual defendants pursuant to the Labor and Management Improper Practices Act have no merit, Supreme Court did not err in denying plaintiff's cross motion to amend the complaint. To the extent not discussed, plaintiff's remaining contentions have been reviewed and rejected as meritless.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order and order and judgment are affirmed, with costs. [*See* 191 Misc 2d 318.]

---

2. Supreme Court disagreed with NYSUT in this regard, holding that it owed a duty of fair representation to plaintiff.