■ In the Matter of BUFFALO POLICE BENEVOLENT ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, MICHAEL R. CUEVAS, as Chairman, Respondent. [778 NYS2d 797]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frederick J. Marshall, J.], entered September 19, 2002) to review a determination of respondent. The determination ordered petitioner to reimburse three police officers for certain legal costs and expenses and moved certain contract grievances to arbitration.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination ordering petitioner to reimburse Marvin V. Sanford, Richard D. Woods and Johnnie A. Fritz, Jr. for the legal costs and expenses that they incurred in the March 1999 CPLR article 78 proceeding and as modified the determination is confirmed without costs.

Memorandum: When this matter previously was before us, we modified the determination and remitted the matter to respondent for imposition of an appropriate remedy in light of that modification (*Matter of Buffalo Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 286 AD2d 993 [2001]). Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the determination that was made upon remittal. Although Supreme Court erred in transferring the proceeding to us pursuant to CPLR 7804 (g) because no substantial evidence issue was raised in the petition, we nevertheless address the merits of the issues raised in the interest of judicial economy (*see Matter of Nieves v Goord*, 262 AD2d 1042 [1999]; *Matter of Dubb Enters. v New York State Liq. Auth.*, 187 AD2d 831, 832 [1992]).

Remedies for improper employer practices are "peculiarly matters within administrative competence" (*Matter of City of Albany v Helsby*, 29 NY2d 433, 439 [1972]) and should be upheld if reasonable (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 2 AD3d 1197 [2003]). Contrary to the contentions of petitioner, in light of our previous determination, there is nothing unreasonable about that part of the remedy requiring petitioner to move the grievances of Marvin V. Sanford, Richard D. Woods and Johnnie A. Fritz, Jr. to arbitration and to incur the costs of hiring outside counsel to represent them on those grievances. We agree with petitioner, however, that it was unreasonable for respondent additionally to order petitioner to reimburse Sanford, Woods and Fritz for the legal costs and expenses that they incurred in connection with a March 1999 CPLR article 78 proceeding (1999 proceeding). When this matter previously was before us, we determined that petitioner breached its duty of fair representation by intervening in the 1999 proceeding "only insofar as there is evidence that petitioner intervened and asserted against the interests of Sanford, Woods and Fritz that article 24 of the Collective Bargaining Agreement [ ] is not applicable to them" (*Buffalo Police Benevolent Assn.*, 286 AD2d at 994). The 1999 proceeding was dismissed on other grounds, and thus it was not reasonable to order petitioner to reimburse Sanford, Woods and Fritz for the legal costs and expenses that they incurred in that proceeding. We therefore modify the determination and grant the petition in part by annulling that part of the determination ordering petitioner to reimburse Sanford, Woods and Fritz for the legal costs and expenses that they incurred in the 1999 proceeding. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ. [*See* — AD3d —, Oct. 1, 2004.]