*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015          520555
_____

In the Matter of DONNA
    SCARPINATI DeOLIVEIRA,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE PUBLIC EMPLOYMENT
    RELATIONS BOARD et al.,
                    Respondents.
_____

Calendar Date:  September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Cooper Erving & Savage LLP, Albany (Phillip G. Steck of
counsel), for petitioner.

        David P. Quinn, Public Employee Relations Board, Albany,
for New York State Public Employment Relations Board, respondent.

        Richard E. Casagrande, New York State United Teachers,
Latham (Laura H. Delaney of counsel), for Cairo-Durham Teachers
Association and others, respondents.

        Girvin & Ferlazzo, PC, Albany (Ryan P. Mullahy of counsel),
for Cairo-Durham Central School District, respondent.

                    _____

Rose, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Public Employment Relations
Board which dismissed petitioner's improper employee organization
practice charge.

In August 2007, respondent Cairo-Durham Central School District (hereinafter District) appointed petitioner to a three-year probationary position in the elementary education tenure area, a position represented by respondent Cairo-Durham Teachers Association (hereinafter Association). After giving birth to a child in July 2009 and taking a period of unpaid maternity leave, petitioner returned to teaching full time. In March 2010, the District abolished four positions in the elementary education tenure area, and petitioner was notified that she would be terminated at the end of the school year because the period of unpaid maternity leave that she took at the beginning of the 2009-2010 school year affected her seniority status such that she became one of the four least senior teachers in her tenure area. Petitioner subsequently approached the Association to file grievances on her behalf, but the Association concluded that she had no viable claims and that it would take no action against the District. She later learned that, prior to the layoffs, the Association agreed with the District's decision to exclude at least two sixth grade teachers from the elementary education tenure area — namely, respondents Peter Goodwin and Erin Murphy — both of whom were hired after petitioner.

Petitioner subsequently filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB). The charge alleged, among other things, that the Association did not fairly represent petitioner's interests (see Civil Service Law § 209-a [2] [c]) because it willfully failed to investigate her concerns regarding the impact of her unpaid maternity leave on her seniority status, falsely represented to her that it consulted with an attorney on her behalf and intentionally withheld from her the so-called "clandestine agreement" it made with the District to protect Goodwin and Murphy from being laid off. Following a hearing, an Administrative Law Judge (hereinafter ALJ) dismissed the charge. Petitioner filed exceptions to the ALJ's findings and, upon review, PERB affirmed. Petitioner then commenced this CPLR article 78 proceeding seeking review of PERB's determination, and Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

Our review of a PERB determination is limited to whether it is supported by substantial evidence, that is, whether there is a basis in the record allowing for the conclusion that "PERB's decision was legally permissible, rational and thus not arbitrary and capricious" (Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [2013]; see Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 148-149 [2012], lv denied 21 NY3d 855 [2013]; Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1233 [2009]). "Notably, in making a substantial evidence determination, we do not 'weigh the evidence or assess the credibility of the testimony presented'" (Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd., 2 AD3d 1197, 1198 [2003], quoting Matter of Romaine v Cuevas, 305 AD2d 968, 969 [2003]).

In our view, there is substantial evidence in the record supporting PERB's determination that the Association did not breach its duty of fair representation owed to petitioner.[1] To establish such a claim, "there must be a showing that the activity, or lack thereof, which formed the basis of the charges . . . was deliberately invidious, arbitrary or founded in bad faith" (Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd., 132 AD2d 430, 432 [1987], affd 73 NY2d 796 [1988]; accord Matter of Higgins v La Paglia, 281 AD2d 679, 681 [2001], appeal dismissed 96 NY2d 854 [2001]). Here, petitioner has not made this showing regarding any of her specific allegations. To begin, her contention that the Association willfully failed to adequately investigate the District's exclusion of the time that she was on unpaid maternity leave from its calculation of her

_____

[1] The Association, Goodwin and Murphy assert that petitioner's unfair representation claim is barred by the doctrine of collateral estoppel (see De Oliveira v Cairo-Durham Cent. School Dist., US Dist Ct, ND NY, 1:11-CV-393 [NAM/RFT], Mordue, J., 2014). However, the doctrine was not raised during the administrative process and we decline to apply it (see Matter of Washington v New York State Off. of Children & Family Servs., 55 AD3d 1117, 1118 [2008]).

seniority is belied by the record.  Petitioner admitted that she met with Association representatives on multiple occasions regarding her concerns, and Justin Karker, the Association's president, testified to the substantial investigation that followed.  Karker stated that, before he informed petitioner, in writing, of the Association's rationale and ultimate decision not to process her grievance, he, among other things, consulted with the Association's Executive Committee and Peter Stelling, a Labor Relations Specialist employed by New York State United Teachers (hereinafter NYSUT).  While Karker told petitioner that he would consult with a NYSUT attorney regarding her allegations, which he did not do, petitioner offered no proof that his misrepresentation was intentional or that he relied on Stelling's advice in bad faith.  Indeed, Karker testified that he considered Stelling to be the Association's "counsel" when it came to assessing teacher grievances.

Petitioner's further argument that the Association represented her in bad faith by making a "clandestine agreement" with the District to wrongly exclude Goodwin and Murphy from the elementary education tenure area at her expense finds no support in the record.  The Association's assent to the District's transfer of Goodwin and Murphy to other tenure areas was hardly arbitrary, as neither teacher was specifically certified as an elementary educator.  Furthermore, while it is true that the Commissioner of Education, in his ruling on a separate appeal of petitioner's termination, determined that Goodwin and Murphy should have been included in the elementary education tenure area for the purpose of layoffs, there is no evidence that the decision not to do so was motivated by animus toward petitioner or favoritism toward Goodwin and Murphy.[2]  At worst, the Association's agreement with the District regarding the treatment of Goodwin and Murphy, and its attendant failure to pursue petitioner's grievance about it, was an honest mistake, and "the fact that a union is guilty of mistake, negligence or lack of

_____

[2]  In any event, the Commissioner determined that, even if Goodwin and Murphy were included on the elementary education seniority list, petitioner still would have been the least senior of the three.

competence does not suffice [to prove] a[n unfair representation] claim" (Braatz v Mathison, 180 AD2d 1007, 1008 [1992] [internal citation omitted]; see Ahrens v New York State Pub. Empls. Fedn., AFL-CIO, 203 AD2d 796, 798 [1994]).

To the extent that petitioner's remaining arguments are properly before us, we have reviewed them and find them to be without merit.

Garry, J.P., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court