*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 21, 2016                521610
_____

In the Matter of JAHMEL CLARK,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:   February 23, 2016

Before:   McCarthy, J.P., Rose, Lynch and Clark, JJ.

                    _____

        Jahmel Clark, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Ulster County) to
review two determinations of the Commissioner of Corrections and
Community Supervision and two determinations of respondent
Superintendent of Shawangunk Correctional Facility finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding
challenging four separate prison disciplinary determinations that
were rendered after tier II and tier III hearings.  The Attorney
General has advised this Court that all of the determinations
have been administratively reversed, references to such
determinations have been expunged from petitioner's institutional
record and the mandatory $5 surcharges that were imposed have

been refunded to petitioner's inmate account.  In view of this, the petition must be dismissed as moot (see Matter of West v Annucci, 134 AD3d 1379 [2015]; Matter of Burgess v Prack, 134 AD3d 1339 [2015]).  We note that, inasmuch as a loss of good time was among the penalties imposed with respect to the first disciplinary determination, such loss of good time should be restored to petitioner (see Matter of Moore v Prack, 134 AD3d 1381 [2015]; Matter of Dexter v Annucci, 134 AD3d 1335 [2015]). We further note that, given that restitution in the amount of $65.25 was among the penalties imposed with respect to the third determination, any money paid by petitioner toward this amount should be refunded to him (see Matter of Jiminez v Fischer, 107 AD3d 1254, 1255 [2013]; Matter of Lafferty v Fischer, 61 AD3d 1235, 1236 [2009]).  Petitioner also requests that his $15 reduced filing fee be refunded and the record discloses that he paid this amount (see Matter of Warmus v Kaplan, 133 AD3d 1026 [2015]; Matter of McKethan v Prack, 111 AD3d 1046 [2013]).

McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.

ENTER:

Robert D. Mayberger
Clerk of the Court