# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

579

TP 16-01824

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ALEKSANDR KLIMOV, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
NEW YORK STATE DEPARTMENT OF TRANSPORTATION,
RESPONDENTS.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (LISA A. POCH OF COUNSEL), FOR
PETITIONER.

AARON M. WOSKOFF, BRONX, FOR RESPONDENT NEW YORK STATE DIVISION OF
HUMAN RIGHTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF
COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF TRANSPORTATION.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Deborah A. Chimes, J.], entered June 14, 2016) to review a determination of respondent New York State Division of Human Rights. The determination, among other things, dismissed petitioner's claims of unlawful discrimination based on national origin.

It is hereby ORDERED that the determination is unanimously confirmed without costs, and the petition and cross petition are dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul that part of the determination of respondent New York State Division of Human Rights (SDHR) that dismissed his complaint to the extent that he alleged unlawful discrimination based on national origin. SDHR filed a cross petition seeking to confirm and enforce that part of the determination finding that respondent New York State Department of Transportation (employer) unlawfully retaliated against petitioner, awarding him compensatory damages, and imposing a civil fine on the employer. The proceeding arises from a complaint filed by petitioner after the employer declined to promote him to a supervisory position. Petitioner was born in the former Soviet Union, and English is his second language.

Our review of an administrative determination made after a hearing is limited to whether it is supported by substantial evidence

(*see Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 492; *Matter of Russo v New York State Div. of Human Rights*, 137 AD3d 1600, 1600).  "An administrative agency's determination need not be the only rational conclusion to be drawn from the record[, and] the existence of other, alternative rational conclusions does not warrant annulment of the agency's conclusion" (*Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239).  It is well settled that, "in making a substantial evidence determination, we do not weigh the evidence or assess the credibility of the testimony presented" (*Matter of DeOliveira v New York State Pub. Empl. Relations Bd.*, 133 AD3d 1010, 1011 [internal quotation marks omitted]; *see Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd.*, 21 NY3d 255, 267).

We conclude that there is substantial evidence to support the determination that the employer did not discriminate against petitioner based on national origin.  Even assuming, arguendo, that petitioner met his burden of establishing a prima facie case of discrimination based on national origin, we conclude that the employer "presented a legitimate, independent and nondiscriminatory reason to support its decision to offer the position to another employee" (*Matter of Scheuneman v New York State Div. of Human Rights*, 147 AD3d 1523, 1524; *see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305).  At the hearing, members of the employer's interview committee testified that petitioner was not selected for promotion based on their concerns that he could not communicate effectively in the English language.  Contrary to petitioner's contention, an employment determination based solely on a person's ability to communicate in the English language is not based on national origin when such skills are "reasonably related" to the position (*Fragante v City & County of Honolulu*, 888 F2d 591, 596-597, *cert denied* 494 US 1081; *see Velasquez v Goldwater Mem. Hosp.*, 88 F Supp 2d 257, 262; *see generally People v Aviles*, 28 NY3d 497, 502-503).

We agree with the employer that the cross petition must be dismissed as moot inasmuch as there is no dispute that the employer has satisfied its obligations under the determination (*see generally Matter of Clark v New York State Dept. of Corr. & Community Supervision*, 138 AD3d 1331, 1332).

Entered:  May 5, 2017                          Frances E. Cafarell
                                              Clerk of the Court