■ PAULINE OKPO, Appellant, v CITY OF NEW YORK, Defendant, and DISTRICT COUNCIL 37 et al., Respondents. [65 NYS3d 701]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about December 6, 2016, which denied plaintiff's motion for partial summary judgment on the issue of liability, and granted defendants-respondents' (the Union) cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As a probationary employee, plaintiff's termination was not the basis for a "grievance" under the governing collective bargaining agreement (CBA). As such, the Union owed her no duty of fair representation (*see Portlette v Metropolitan Transp. Auth.*, 25 AD3d 389, 391 [1st Dept 2006]).

Even assuming that the Union owed her a duty here, it would nonetheless have had no duty to initiate a CPLR article 78 proceeding on her behalf. The duty of fair representation is rooted in the bargaining agent's exclusive statutory authority to pursue grievances on behalf of covered employees under the CBA (*see Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York*, 64 NY2d 188, 196 [1984]; *Butler v McCarty*, 191 Misc 2d 318, 324 [Sup Ct, Madison County 2002], *affd* 306 AD2d 607 [3d Dept 2003]). As a probationary employee, however, plaintiff could have challenged her termination herself in an article 78 proceeding (*see*

*e.g. Matter of Castro v Schriro*, 140 AD3d 644, 644 [1st Dept 2016], *affd* 29 NY3d 1005 [2017]).

The nature and purpose of the duty of fair representation—representation in collective bargaining grievances—thus does not support expansion of the duty to cover article 78 proceedings. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.